Raymond Paul PATRICK, Appellant,

v.

STATE OF MISSOURI, Respondent.

No. 71-1168.

United States Court of Appeals, Eighth Circuit.

July 13, 1971.

Raymond Paul Patrick, pro se.

Michael E. Minton, Jackson, & Sherman, Kansas City, Mo., on brief for appellant.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., on brief for respondent.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

Raymond Paul Patrick appeals from an order of the United States District Court for the Western District of Missouri denying his petition for a writ of habeas corpus.

The appellant urges that the District Court erred in ruling adversely to the appellant on the substantive issues he raised below, and in failing to hold an evidentiary hearing.

The District Court, in its order denying the petition for habeas corpus, thoroughly examined each of the contentions respecting the validity of the appellant's guilty pleas and convictions. Raymond Paul Patrick v. State of Missouri, Civ. No. 18968–2 (W.D.Mo., February 10, 1971). We believe the District Court correctly decided each of the issues presented to it.

The District Court based its findings and conclusions upon the transcript of a state evidentiary hearing held in connection with the appellant's motion for post-conviction relief. At that hearing, held in April 1969, the appellant was represented by two attorneys. He presented evidentiary support for each of the substantive issues he now raises. The appellant contends that some of the medical records relating to his mental condition were unavailable at the state court hearing. He argues that the District Court should have held an evidentiary hearing and attempted to find these records.

No issue regarding the adequacy of the medical records introduced at the state court hearing has ever been raised by the appellant or his attorneys until this appeal. The appellant testified at the state court hearing that the records introduced were accurate, but did not comprise all of his medical records. We have been given no indication of the possible impact of the additional records, assuming, arguendo, that they exist.

Neither Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), nor its progeny require a separate federal evidentiary hearing in all circumstances. On its face, the state hearing afforded the appellant a full and fair determination of his allegations. His complaint of missing medical records is not sufficient to establish a need for a new hearing.

The judgment of the District Court is Affirmed.